Anthony G. MICHAEL and Anthony G. Michael, Inc., Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

No. 00–2182.

United States Court of Appeals, Sixth Circuit.

June 3, 2002.

Before RYAN, BOGGS, and COLE, Circuit Judges.

PER CURIAM.

Anthony Michael appeals the grant of summary judgment to the Internal Revenue Service (IRS), in his suit alleging that the IRS arbitrarily and capriciously denied his application to participate in the IRS's electronic filing program, in violation of the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706. Because the IRS did not arbitrarily deny his application, we affirm.

I

Michael is a tax preparer who complains that he has been arbitrarily denied the opportunity to participate in the IRS's electronic filing program. The IRS denied his application for participation in the program, as permitted by IRS regulations,

because Michael filed inaccurate returns and had outstanding tax balances. The debts arose from a prior dispute between Michael and the IRS.

In 1995, the IRS assessed tax preparer penalties against Michael for recklessly or intentionally disregarding rules or regulations regarding 35 returns. I.R.C. § 6694(b). The IRS assessed a penalty of $1,000 per tax return, or $35,000, against Michael. The IRS made an alternative assessment against Michael for understatements of tax liability due to taking a position for which there was not a realistic possibility of being sustained on the merits. I.R.C. § 6694(a). This alternative assessment was for $8750 ($250 per return).

Michael paid a portion of the assessment, and filed suit against the IRS, seeking a refund of that portion and an abatement of the remaining amounts. The IRS counterclaimed. The case was settled at the final pre-trial conference. Michael agreed to pay $1,000 per return for nine returns, and $250 per return for the remaining returns, plus interest.

On August 12, 1997, an order of dismissal was entered. The order stated that "either party may reopen the matter within sixty (60) days of the date of this order to enforce the settlement agreement." Michael did not pay the settlement amount, and the IRS did not reopen the matter within the 60–day period to enforce the settlement agreement.

In November 1998, Michael applied for participation in the IRS's electronic filing program. He stated on the application that no preparer penalties had been assessed against him. In February 1999, the IRS rejected the application by letter. The rejection letter explained that IRS records showed that Michael had "balances due on [his] 1989, 1990 and 1991 individual income tax returns." These balances were attributable to the preparer penalties assessed against Michael.

Michael pursued administrative appeals, arguing that he owed the government no money, since the IRS did not move to enforce the settlement agreement. Michael's administrative appeals were denied. Michael then filed suit in federal district court.

The district court rejected Michael's contention that the settlement amounts were no longer outstanding simply because the government had not acted to enforce them. The court therefore granted summary judgment to the IRS. Michael timely appealed.

## II

We review the district court's judgment *de novo*, while reviewing the challenged agency determination for arbitrary or capricious decisionmaking. *Sierra Club v. Slater*, 120 F.3d 623, 632 (6th Cir.1997).

Under the APA, federal courts must set aside agency actions, findings, and conclusions determined to be "arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law." *GTE Midwest, Inc. v. FCC*, 233 F.3d 341, 344 (6th Cir.2000), *quoting* 5 U.S.C. § 706(2)(A). As long as the decision bears a rational relation to the facts in the matter, and the decision is sufficiently detailed that its reasons may be discerned, the decision must be upheld. *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339 (6th Cir.1994).

 The rules regarding admission to the e-filing program are rationally grounded: preventing known abusers of the tax code from participating in electronic filing, which presents an increased risk of loss, is certainly not arbitrary. The application of the rules in Michael's case was also rational. Michael asserts that the IRS's determination was arbitrary because the settlement converted his tax liability into a

general debt. Michael reasons that this money is no longer a *tax* liability but merely a debt owed the IRS, as if he had been found liable to the IRS on a tort claim.

Michael's argument fails as a matter of logic and law. On his reasoning, the IRS should never settle tax-assessment cases. As soon as it does, he argues, the IRS loses the ability to exclude known frauds from participating in IRS programs. We are not as sanguine as Michael about taking this step; forcing the IRS to litigate rather than negotiate tax cases serves no purpose.

Further, IRS Revenue Procedure 98–50 sets the eligibility requirements for the electronic filing program. This procedure notes that an applicant may be denied for failure to file timely and accurate tax returns; failure to pay any tax liabilities; assessment of any tax penalties; or misrepresentation on an application, *inter alia.* Rev. Proc. 98–50 §§ 4.19(2), (3), (4), (7). The IRS stated that the first ground (failure to file timely and accurate tax returns) was the basis for its decision. JA at 21. The IRS's reasoning seems to be (although it is admittedly unclear on this point) that Michael's tax returns for several years did not reflect the amounts that he actually owed because he did not pay the assessment penalties; it is for those inaccuracies that he was taken to task and denied access to the program.

■ Michael was assessed penalties, failed to pay the amounts arising from those assessments, and lied about the assessments on his application to the e-filing program. These facts are not contested. Michael explains away the fact of these assessments by noting that, rather than go to trial, he settled by agreeing to pay a $9,000 "reckless disregard penalty" and a $6,500 "negligence penalty." Michael argues that the government dropped its case when it settled with him, and therefore cannot hold the fact of the assessments or the settlement amounts that he still owes against him. We do not find this convincing. While a settlement does not carry a mandatory inference of guilt, neither does it erase the fact of the assessments or the fact that the balances remain unpaid. The IRS is not required to procure a favorable jury verdict before it can rationally deny Michael's application, nor should the IRS's willingness to enter into settlement agreements threaten its ability to judge the qualifications of tax preparers for sensitive positions. The fact of the assessment is a sufficient basis to uphold the IRS's determination.

■ We nevertheless address two final arguments. Michael incorrectly argues that he owes the IRS nothing because the IRS did not reopen the case for enforcement within 60 days as listed in the court order. Even if the failure to reopen the case rendered the debt completely unenforceable (*e.g.*, if there were a statute of limitations defense), the debt would still exist, and would form a reasonable basis for the application of the IRS rule. However, the 60–day limitation was not a statute of limitations by any means. It was a time limit imposed for the enforcement of the settlement by the very district court that heard the case. As the district court put it when hearing this case: "the language is pretty clear. If you want [the court] to enforce it you have sixty days to do it. If not, you're on your own to enforce it yourself." The Supreme Court has held that when a case is dismissed with prejudice from federal court, but the settlement unenforced, enforcement of the settlement agreement is for the state courts. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 382, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

Michael finally charges that the Director of Practice did not examine Michael's file on administrative appeal. This is incor-

rect; the Director's findings and reasons were clearly articulated in the denial notice, and informed Michael that his application was denied for failing to file accurate tax returns and failing to pay outstanding balances.

The IRS has valid and sensible rules regarding who may participate in its electronic filing program. The rules were properly applied in Michael's case. The IRS stated its reasons clearly, and informed Michael of his right to administrative appeal, which Michael exercised. The IRS did not act arbitrarily or capriciously when it denied Michael permission to participate in the electronic filing program.

### III

For the above reasons, we AFFIRM the judgment of the district court.